IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



| | |
|---|---|
| SHEMIKA N. SKILLINGS<br>#3783<br>P.O BOX 60189<br>Oklahoma City, OK 73146<br><br>**Plaintiff,**<br><br>V.<br><br>Mr. BISHOP L. KNOTT<br>In his individual and Official capacity as Clerk of<br>Court for Prince George, Virginia<br>Service to be made at:<br>6601 Courts Drive, Prince George, Virginia, 23875<br>Phone: (804) 733-2623<br><br>HON. WILLIAM A. SHARRETT<br>In his Individual and Official Capacity as Judge of the<br>Prince George Circuit Court<br>Service to be made at:<br>6601 Courts Drive, Prince George, Virginia, 23875<br>Phone: (804) 733-2623<br><br>LINDA L. JOHNSON<br>An Individual<br>Service to be made at:<br>10533 South Crater Road<br>Petersburg, Virginia 23805<br><br>JOYCE JACKSON<br>An individual<br>Service to be made at:<br>6601 Courts Drive, Prince George, Virginia 23875<br>Phone: (804) 733-2623<br><br>**Defendants.** | **Civil Complaint**<br><br>Case No.<br><br>3:17CV154<br><br>**Jury Trial Demanded** |

## COMPLAINT

The Plaintiff, Shemika N. Skillings, moves the Court for entry of judgement in his favor against the Defendants and in support avers as follows:

## NATURE OF ACTION AND JURISDICTION

1. This is a civil action under 42 U.S.C § 1983, Title 42 U.S.C § 1985 (3) and Title 42 U.S.C § 1986 seeking damages and injunctive relief against the Defendants for committing acts, in conspiracy or concerted action- under color of law, with the intent and for depriving the Plaintiff of rights secured under the Constitution and laws of the United States; and neglecting to prevent those acts.

2. This case arises under the United States Constitution and 42 U.S.C §§ 1983, 1985(3), 1986 and 1988 as amended. This Court has original jurisdiction of this matter pursuant to Title 28 U.S.C. § 1331, Title 28 U.S.C § 1343 and Title 28 U.S.C § 1367 granting districts courts supplemental jurisdiction to hear state claims. The declaratory and injunctive relief sought is authorized by 28 U.S.C §§2201, 2202 and Rule 57 of the Federal Rules of Civil Procedure.

3. The venue is proper in this District pursuant to 28 U.S.C § 1391(b)(1)(2) the actions in this suit took place within this district and the Defendants are residents of this district.

4. Plaintiff brings this action resulting from damages incurred while subject of a conspiracy or concerted action by the Defendants to deny her equal protection under the law and guaranteed privileges and immunities as citizen of Oklahoma and intentionally inflicting emotional distress

2

by tortuously interfering with custody and visitation with her child- without just cause. Further, the Plaintiff was sentenced to jail- without the benefit of guaranteed procedural and substantive due process elements of the due process clause of Fourteenth Amendment of the Bill of Rights and under the Fifth Amendment to the U.S. Constitution.

## PARTIES

5. The Plaintiff, Shemika Skillings ("Mika") is the aggrieved Party in this complaint, she is currently a resident of Oklahoma

6. Defendant, Linda Johnson, is an attorney in Petersburg, Virginia representing the Plaintiffs' former spouse in custody proceedings. Linda acted in conspiracy with two state officers and she is subject to suit under § 1983. She is being sued for damages and declaratory relief under Title 42 § 1983, Title 42 § 1985 (3) and §1986. Linda resides at: 10533 South Crater Road, Petersburg, Virginia 23805, Phone: (804)-863-0267

7. Defendant, Bishop L. Knott as Clerk of Courts for the 6th Circuit, Po Box 280, Prince George, Virginia 23875, Phone: (804) 733-2623: is subject to suit in his individual capacity for damages and declaratory and injunctive relief in his official capacity employing Ex Partee Young. Mr. Knott is also vicariously liable for damages and declaratory and injunctive relief for the acts of Joyce Jackson. Mr. Knott is being sued under Title 42 U.S.C § 1983, 1988 and Title 42 § 1985 and § 1986.

8. Joyce Jackson, an individual acting under color of law as the Deputy Clerk for the Prince George Circuit Court. Po Box 98, Prince George Virginia 23875 Phone: (804) 733-2623: is sued

3

for damages under 42 U.S.C § 1983, Title 42 § 1985 (3) and § 1986.

9. Defendant, William Sharrett, Circuit Court Judge for Prince George County, Virginia: Po Box 280, Prince George, Virginia 23875, Phone: (804) 733-2623: is subject to suit for damages in his individual capacity and declaratory and injunctive relief in his official capacity employing Ex Parte Young- under Title 42 U.S.C §§ 1983, 1988 and Title 42 U.S.C 1985 and 1986.

## FACTS

10. Mika was stationed in Richmond, Virginia pursuant to military orders until she had to relocate to Oklahoma in 2013 -to escape habitual abuse from her then spouse.

11. She obtained custody of the couples' two- year old daughter prior to her scheduled departure.

12. On appeal to the Prince George Circuit Court before Judge Sharrett, custody was awarded to the father.

13. Mika made several attempts over a four- year span, to regain custody of her child, to no avail.

14. On March 2, 2016 her motion to amend custody was dismissed by Judge Sharrett -but Mika and her ex-husband had previously agreed to allow their daughter to have an extended visitation in Oklahoma.

15. On March 4, 2016 Mika flew back to Oklahoma with her daughter- the visit was short lived when on March 7, 2016 her Commanding Officer had mentioned that an investigator had called him about an alleged "kidnapping."

4

16. Mika spoke with investigators -and agreed to return the child the following weekend, March 11, 2016- which was in three days. She sent an email to Linda Johnson, explaining the arrangements, but she did not respond.

17. Two-days before her scheduled departure Mika was arrested in Oklahoma for alleged "kidnapping" and they took her daughter into custody and sent her to jail.

18. On March 21, 2016 Mika flew to Virginia to answer to the warrant for kidnapping in Dinwiddie County. The kidnapping charge was dismissed and she instead charged with interference of a custody order. The Commonwealth's Attorney declined to prosecute the charge.

\19. On March 22, 2016 while Mika was volunteering at her daughters' school, she was served with an order to show cause from Prince George Circuit Court, attached was a motion and affidavit signed by her ex-husband as "pro-se" -but also included the signature block of Linda Johnson. Mika was also served with a motion to terminate her parental rights.

20. On March 23, 2016, Mika was invited to an interview with NBC-12 in Richmond to speak about spousal rape and domestic assault. She agreed and her interview turned into a cover story.

21. On March 24, 2016 Mika appeared before Judge Sharrett with her attorney. Linda, Mika's ex-husband, their witnesses and a court reporter were present; it was evident that this was an actual hearing

22. With only one day notice to prepare a defense, Kurt Brickman, Mika's attorney plead to continue the hearing. Judge Sharrett agreed to continue the case on the basis that visitation to her child would be suspended until the case was heard.

23. In May 2016 – the news station had finished editing Mika's cover story -and had been airing the promo for a week. Mika's identity was also withheld throughout the story. When

Linda Johnson heard of the story- she served the news station with a law suit that she had filed in Prince George, Virginia- the station failed to air the story.

24. In August 2016- Kurt Brickman appeared in Prince George to continue the show cause hearing. He then sent Mika an email stating that he had a feeling that the Judge would "rule in her favor", and urged her to no longer continue the case.

25. On October 6, 2016- Mika appeared before Judge Sharrett, she presented evidence that an agreement had taken place through phone conversations and text messages. Without much consideration to the evidence- Judge Sharrett sentenced Mika to thirty-days in jail.

26. The order reflected a charge of "criminal contempt"- a thirty-day jail sentence, an order to pay $4,799 in attorney's fees to Linda and further ordered that visitation with her child is suspended until those fees are paid.

27. Kurt Brickman plead to delay the sentence for two-days to allow for her to plan for her children in Oklahoma and to inform her chain-of-command of what had taken place. Judge Sharrett declined.

28. Kurt made another plea to delay the sentence for two hours to allow for Mika to check out of her hotel room and return her rental car; Judge Sharrett again declined- and ordered Mika to immediate custody.

29. While in custody at the jail -Mika sent a message to the records department- to confirm her release date. Mika knew that criminal charges were entitled to "good time credit" under VA code 1950 § 53.1- 116. The records department confirmed that her release date was October 22, 2016.

30. On October 21, 2016 Mika was informed by a case worker that Prince George Circuit Court had faxed to them a new disposition sheet that- reflected a charge of "civil contempt"- which does not allow for good time credits. Mika had to stay in jail for a full thirty-days.

31. Mika was released on November 5, 2016. Proceedings are scheduled to be heard by Judge Sharrett in Hopewell, Virginia Circuit Court on March 10, 2017 to pay attorney's fees in exchange for visitation with her child.

## CAUSES OF ACTION

**Count 1:** Under Title 42 U.S.C § 1983-intentional invidious discrimination (All Defendants)

**Count 2:** Fourteenth Amendment-denial of equal protection of the law (All Defendants)

**Count 3:** Fourteenth Amendment-erroneous process (All Defendants)

**Count 4:** Fourteenth Amendment-Abuse of Power (Hon. William Sharrett)

**Count 5:** Fourteenth Amendment-Abuse of Process (All Defendants)

**Count 6:** intentional infliction of emotional distress (All Defendants)

**Count 7:** breach of duty (All Defendants)

**Count 8:** Fourteenth Amendment-concerted action (All Defendants)

**Count 9:** Under Title 42 U.S.C. §1985 -conspiracy to deprive (All Defendants)

**Count 10:** Under Title 42 U.S.C § 1986- neglect to prevent deprivation (All Defendants)

**Count 11:** Fourteenth Amendment- tortious intervention of child custody (Hon. Sharrett)

**Count 12:** Fourteenth Amendment-violation of procedural and substantive due process (All Defendants)

### Constitutional and Civil Rights Pursuant to Title 42 §§ 1983, 1988
### Fourteenth Amendment
Equal protection of the law
Invidious Discrimination
Procedural due process
Tortious intervention of child custody
Intentional infliction of emotional distress
(Hon. William Sharrett)

32. Mika appeared before Judge Sharrett for the first time in November 2013 when her former husband appealed the custody decision to the Circuit Court. Judge Sharrett ruled against her- and transferred custody to the Father.

33. In January 2014 Mika was ordered to pay child support -Judge Sharrett refused to credit her for her three other children.

34. Mika appeared before Judge Sharrett in April 2014 for the final custody decision, despite providing evidence to the Court that she was assaulted by her then spouse, Judge Sharrett ruled against her.

35. Judge Sharrett expressed his reasons in an opinion letter that excludes relevant facts, and wreaks of misogynist undertones.

36. Mika appears before Judge Sharrett on an appeal to amend custody on March 2, 2016-a witness affirms rape allegations against Mika's former spouse and further asserts that he was guilty of sexually assaulting another female.

37. Judge Sharrett stated in closing remarks in response to the allegations of sexual assault that "he didn't think that he had done anything wrong."

38. Judge Sharrett dismissed Mika's motion to amend the custody order.

39. On March 24, 2016 Judge Sharrett suspended Mika's visitation rights to her child without the opportunity to be heard.

40. On October 6, 2016 Judge Sharrett sentence Mika to jail- without the benefit of procedural or substantive elements of the due process clause of the Fourteenth Amendment.

41. In four-years Judge Sharrett has never ruled in Mika's favor, each appearance resulted in an order to pay attorney's fees to opposing counsel.

42. Mika was never or has never been deemed an unfit parent, she is healthy, morally sound and competent.

43. Mika is entitled to a fair and impartial decision-maker, equal protection of the law, Fundamental rights and liberties to have a relationship with her child, free from government infringement without just cause.

44. Judge Sharrett habitually ruled against her without just cause or legitimate reason. His orders ae inconsistent with that of a reasonable person.

45. Judge Sharrett denied Mika equal protection of the laws and intentionally inflicted emotional distress

<u>**Constitutional and Civil Rights Violation under Title 42 §§ 1983, 1988**</u>
<u>**Conspiracy to deprive pursuant to 42 U.S.C § 1985(3)**</u>
<u>**Neglect to prevent pursuant to 42 U.S.C § 1986**</u>
<u>**Violation of Fourteenth Amendment**</u>
**Liberty of speech**
**(Against All Defendants)**

46. The foregoing allegations are incorporated as if re-alleged herein.

9

47. Mika was well within her First Amendment right incorporated through the Bill of Rights under the due process clause of the Fourteenth Amendment to share her life story with the press without suppression.

48. Mika's free speech and freedom of the press outweighed any interests of the Defendants in suppressing her speech or access to the press. Mika's story is her own and any characters concerned of how they are presented, should have played a better role.

49. Linda filed the lawsuit in the Prince George Circuit Court- for the purpose to suppress Mika's right to free speech.

50. The Defendant acted intentionally and with callous disregard for Mika's clearly established First Amendment right.

51. As a direct result of the Defendants' violations of Mika's Constitutional rights, Mika has suffered severe and substantial damages. These damages include, attorney's fees, loss of reputation, humiliation, embarrassment, mental distress and emotional anguish and other compensatory damages to be determined by a jury and the Court.

<u>**Constitutional and Civil Rights Pursuant to 42 U.S.C § §1983, 1988**</u>
<u>**Conspiracy to deprive pursuant to 42 U.S.C § 1985(3)**</u>
<u>**Neglect to prevent pursuant to 42 U.S.C § 1986**</u>
<u>**Violation of Fourteenth Amendment**</u>
**Equal protection of the law**
**Privileges and immunities clause**
**Breach of duty**
**Denial of procedural due process**
**Abuse of Process**
**Miscellaneous process**
**(Against Linda Johnson, Mr. Knott and Joyce Jackson)**

52. The foregoing allegations are incorporated as if re- alleged herein.

53. Linda filed an affidavit and motion requesting the show cause be placed against Mika as if it were a "pro-se" motion.

54. Filing a "Pro-Se' motion to show cause eliminates the requirement to serve the order on the Defendants attorney, thus denying an opportunity to challenge the order.

55. She subsequently filed a motion to terminate Mika's parental rights.

56. The motion was absent a statutory citation- however she asked that the Court specifically to "imprison" Mika for violating the Courts' order"- indicative of its criminal nature.

57. Mr. Knott added the show cause order to the criminal docket- but did not add the Commonwealth as the Plaintiff -as required under the Federal Rules of Criminal Procedure Rule 42(2)

58. Linda filed the order to show cause- with malice- in conspiracy to intentionally deprive Mika of equal protection under the law and to cause harm.

59. Linda abused the judicial process for the purpose to harass, intimidate and further the conspiracy to deprive Mika of her guaranteed rights.

60. Mr. Knott and his clerks have a duty to follow the Federal Rules of Procedure to afford due process and equal protection under the law to all Defendants.

61. Mr. Knott and Joyce Jackson breached their duties as clerk of court and deputy court clerk by failing to follow the well- established Federal Rules of Criminal Procedure in conspiracy and intentionally deprived Mika of equal protection of the law.

62. On March 24, 2016- Mr. Knott and Joyce Jackson intentionally breached their duties to inflict harm on Mika- and denied her guaranteed procedural due process elements of the Fourteenth Amendment.

63. All Defendants tacitly participated in the conspiracy to deprive Mika of her protected rights and they failed to prevent it from happening.

64. As a direct result of the Defendants' violations of Mika's Constitutional rights, Mika has suffered severe and substantial damages. These damages include, attorney's fees, loss of reputation, humiliation, embarrassment, mental distress and emotional anguish and other compensatory damages to be determined by a jury and the Court.

<u>**Constitutional and Civil Rights Pursuant to 42 U.S.C § §1983, 1988**</u>
<u>**Conspiracy to deprive pursuant to 42 U.S.C § 1985(3)**</u>
<u>**Neglect to prevent pursuant to 42 U.S.C § 1986**</u>
<u>**Violation of Fourteenth Amendment**</u>
**procedural and substantive due process**
**Abuse of power**
**Abuse of Process**
**Miscellaneous process**
**Intentional infliction of emotional distress**
**Violation of fundamental rights**
**Tortious interference with child custody**
**(Against All Defendants)**

65. The foregoing allegations are incorporated as if re- alleged herein

66. On March 24, 2016- The Defendant; Honorable William Sharrett suspended visitation rights to Mika's child- without the opportunity to be heard or to defend the allegations against her.

67. Mika was denied procedural due process (1) right to proper notice (2) the opportunity to be heard before the determination was made to suspend her visitation rights.

68. Mika is entitled to equal protection of the laws under the equal protection clause of the Fourteenth Amendment and the presumption of innocence.

69. Mika is entitled to a fair and impartial tribunal as guaranteed under the procedural element of the due process clause of the Fourteenth Amendment.

70. Judge Sharrett denied Mika the guaranteed procedural due process protections under the Fourteenth Amendment and denied her the protected fundamental right to visit her child.

71. Child visitation is a well -established fundamental right -an element of substantive due process, protected under the due process clause of the Fourteenth Amendment.

72. Mika's right to visit her child have been denied through an arbitrary abuse of power to intentionally inflict emotional distress.

73. The rights in which Mika were deprived- are not discretionary-they are guaranteed under the United States Constitution.

74. The Defendants knowingly and callously conspired to deny Mika of her guaranteed rights and tortuously interfered with her right to visit and have a relationship with her child.

75. As a direct result of the Defendants' violations of Mika's Constitutional rights, she has suffered severe and substantial damages. These damages include, attorney's fees, loss of reputation, humiliation, embarrassment, mental distress and emotional anguish and other compensatory damages to be determined by a jury and the Court.

**Constitutional and Civil Rights Pursuant to 42 U.S.C § §1983, 1988**
**Conspiracy to deprive pursuant to 42 U.S.C § 1985(3)**
**Neglect to prevent pursuant to 42 U.S.C § 1986**
**Violation of Fourteenth Amendment**
**Invidious discrimination**
**Equal Protection of the Law**

13

**Privileges and immunities clause**
**Intentional infliction of emotional distress**
**fundamental rights**
**Denial of procedural and substantive due process**
**Abuse of Process and Miscellaneous process**
**(Against All Defendants)**

76. The foregoing allegations are incorporated as if re- alleged herein

77. On October 6, 2016 Judge Sharrett found Mika guilty of criminal contempt under an improper standard of proof.

78. Criminal Defendants are to found "guilty beyond a reasonable doubt" the standard of proof in criminal cases is a ministerial act.

79. Mika was sentenced to thirty-days in jail without guaranteed protections of procedural and substantive due process under the Fourteenth Amendments' due process clause.

80. It is well- established under the Fourteenth Amendments due process clause that "no person is to be deprived of life, liberty or property without due process of law".

81. Mika was denied equal protection of the law and guaranteed privileges and immunities as a citizen of the state of Oklahoma.

82. On October 6, 2016- Defendant, Judge Sharrett, sentenced her without regard to her guaranteed Fourteenth Amended protections, to intentionally inflict emotional harm.

83. As a direct result of the Defendants' violations of Mika's Constitutional rights, she has suffered severe and substantial damages. These damages include, attorney's fees, loss of

reputation, humiliation, embarrassment, mental distress and emotional anguish and other compensatory damages to be determined by a jury and the Court.

**Constitutional and Civil Rights Pursuant to 42 U.S.C § §1983, 1988**
**Conspiracy to deprive pursuant to 42 U.S.C § 1985(3)**
**Neglect to prevent pursuant to 42 U.S.C § 1986**
**Violation of Fourteenth Amendment**
**Invidious discrimination**
**Equal protection under the law**
**Privileges and immunities**
**Violation of fundamental rights**
**Abuse of process**
**Intentional infliction of emotional distress**
**Miscellaneous process**
**(All Defendants)**

84.   The foregoing allegations are incorporated as if re- alleged herein

85.   Mr. Knott changed the disposition sheet to "civil contempt" and had it faxed to the jail on October 21, 2016.

86.   Mr. Knott creates the criminal docket and is responsible for record upkeep and knew that the order reflected a charge of "criminal contempt."

87.   Mr. Knott changed the disposition sheet to "civil contempt" the day prior to Mika's release- and had it faxed to Riverside Regional Jail- to have her held for the full thirty-days.

88.   Mr. Knott intentionally abused the judicial process and breached his duty as clerk of courts to further deprive Mika of her guaranteed rights.

89.   Mika is entitled to fair proceedings as a guaranteed element of procedural due process and

she is entitled to liberty- under the due process clause of the Fourteenth Amendment.

90. Mika is entitled to protection under the privileges and immunities clause of the Fourteenth Amendment and equal protection of the law.

91. Mika was intentionally denied all elements of procedural due process and equal protection under the law to caused her harm.

92. As a direct result of the Defendants' violations of Mika's Constitutional rights, she has suffered severe and substantial damages. These damages include, attorney's fees, loss of reputation, humiliation, embarrassment, mental distress and emotional anguish and other compensatory damages to be determined by a jury and the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Shemika Skillings, requests judgement against the Defendants as follows:

A. For compensatory damages in the amount of $ 80,000.

B. For appropriate declaratory relief regarding the unlawful and unconstitutional acts and practices of the Defendants

C. For appropriate injunctive relief against further unconstitutional acts and practices against the Defendants.

D. For an appropriate amount of punitive damages to deter the Defendants from future intentional unlawful acts.

E. For appropriate equitable relief against all Defendants as allowed by the <u>Civil Rights Act of 1871</u>, 42 U.S.C § 1983, including enjoining and permanent restraint of these violations and direction to the Defendants to take necessary affirmative actions to ensure that the unlawful and unconstitutional judicial practices do not continue to affect the Plaintiff's or other's guaranteed rights under the U.S. Constitution.

F. For an award of reasonable attorney's fees and her costs on her behalf expended as to such Defendants pursuant to the <u>Civil Rights Act of 1871</u>, 42 U.S.C. Section 1988, and

G. For such other and further relief to which the Plaintiff may show to be justly entitled.

H. For such other relief, this Court deems necessary and proper for redress.

**PLAINTIFF REQUESTS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully Submitted,

SHEMIKA N. SKILLINGS

## **CERTIFICATION**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: _Feb 22_, 20_17_

Signature of Plaintiff _____

SHEMIKA N. SKILLINGS (Pro-Se)

18

## CERTIFICATION

    I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of this document:

*[signature]*

SHEMIKA N. SKILLINGS # 3783
PO BOX 60189
OKLAHOMA CITY, OK 73146
919-480-7475
SSKILLS82@GMAIL.COM