**IN THE UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

| | | |
|---|---|---|
| SHEMIKA N. SKILLINGS | ) | |
| | ) | |
| **Plaintiff, *Pro Se*,** | ) | |
| | ) | |
| **v.** | ) | **Civil Case No. 3:17-cv-154** |
| | ) | |
| | ) | |
| **BISHOP L. KNOTT, *et al.*,** | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

**<u>BRIEF IN SUPPORT OF MOTION TO DISMISS</u>**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure,

Defendant William Allan Sharrett ("Judge Sharrett"), moves to dismiss Plaintiff Shemika N.

Skillings' Complaint because this Court lacks jurisdiction over the subject matter of the

Complaint, Judge Sharrett is entitled to absolute judicial immunity, and the Complaint fails to

state a claim upon which relief can be granted.

### I.    Background

This action stems from state court child custody proceedings.  (*See* Compl. ¶¶ 10-31.)  In

2013, Plaintiff obtained custody of her two-year old daughter.  (*Id.* at ¶ 11.)  Thereafter, she

moved to Oklahoma.  (*Id.* at ¶ 10.)  Plaintiff's ex-husband appealed the lower court's decision to

grant custody of the child to Plaintiff.  (*See id.* at ¶¶ 12, 32.)  On appeal, Judge Sharrett, a circuit

court judge for Prince George County, Virginia Circuit Court, awarded custody to Plaintiff's ex-

husband.  (*Id.*)  After Judge Sharrett's ruling, Plaintiff made several attempts to seek custody of

the child, but was unsuccessful.  (*Id.* at ¶ 13.)  One of these attempts was on March 2, 2016,

when Plaintiff's motion to amend the custody order was dismissed by Judge Sharrett. (*Id.* at ¶ 14.)

On March 4, 2016, two days after the denial of her motion to amend the custody order, Plaintiff took the child to Oklahoma for an extended visit, which Plaintiff alleges was previously agreed to – presumably by the child's father. (*See id.* at ¶¶ 14-15.) Less than one week later, or on March 9, 2016, she was arrested in Oklahoma and the child was taken into custody. (*Id.* at ¶ 17.) On March 22, 2016, Plaintiff was served with an order to show cause from Prince George Circuit Court. (*Id.* at ¶ 19.)

On March 24, 2016, Plaintiff appeared before Judge Sharrett on the show cause with her attorney. (Compl. ¶ 21.) Plaintiff's attorney sought a continuance of the hearing. (*Id.* at ¶ 22.) Judge Sharrett granted the request for a continuance and suspended Plaintiff's visitation rights to the child while the show cause charge was pending. (*See id.*) In August 2016, Plaintiff's attorney again appeared in Prince George Circuit Court to request another continuance for the show cause hearing. (*See id.* at ¶ 24.)

On October 6, 2016, Plaintiff appeared at the show cause hearing and "presented evidence that an agreement [that she could take the child to Oklahoma for an extended visit] had taken place through phone conversations and text messages." (Compl. ¶ 25.) Judge Sharrett sentenced Plaintiff to thirty (30) days in jail. (*Id.*) Judge Sharrett's order from the show cause hearing reflected a charge of criminal contempt with a 30-day jail sentence, ordered Plaintiff to pay $4,799 in attorneys' fees, and suspended Plaintiff's visitation rights until the attorneys' fees were paid. (*Id.* at ¶ 26.) Judge Sharrett declined Plaintiff's request to delay the 30-day jail sentence and ordered Plaintiff into immediate custody. (*Id.* at ¶¶ 27-28.) A hearing before Judge

Sharrett was scheduled for March 10, 2017, in Hopewell, Virginia, for Plaintiff to "pay attorney's fees in exchange for visitation with her child." (*Id.* at ¶ 31.)

Before that hearing could take place, Plaintiff filed this Complaint on February 22, 2017. On March 7, 2017, she mailed a copy of the Complaint to the Office of the Virginia Attorney General.[1]   Against Judge Sharrett, the Complaint alleges various claims including civil rights violations, Fourteenth Amendment violations, First Amendment violations, and state law tort claims. (*Id.* at pp. 7-8.)

## II.    Argument

Plaintiff's action fails for three reasons.  First, pursuant to Rule 12(b)(1), this Court lacks subject matter jurisdiction.  The *Rooker-Feldman* doctrine bars this Court from reviewing the merits of the Virginia court's child custody rulings that are the gravamen of Plaintiff's Complaint.  The Court also lacks jurisdiction over Virginia domestic relations matters and, thus, should abstain from hearing claims that are on-going in state court.  Finally, Judge Sharrett is entitled to Eleventh Amendment immunity as a state official and to the extent he is being sued in his official capacity.

Second, pursuant to Rule 12(b)(6), Plaintiff's claims against Judge Sharrett must be dismissed because Judge Sharrett is entitled to absolute judicial immunity.  And third, Plaintiff's Complaint is a myriad of legal conclusions and lacks any factual allegations sufficient to state any claim upon which relief can be granted.

---

[1] At this time, Plaintiff has not properly served Defendant Sharrett; however, in the interest of judicial efficiency and resolving this matter, Judge Sharrett waives the personal service requirement of Rule 4 of the Federal Rules of Civil Procedure.

### A.  Legal Standard.

### i.  Rule 12(b)(1).

"Federal Rule of Civil Procedure 12(b)(1) permits a party to move to dismiss an action for lack of subject matter jurisdiction." *Allen v. College of William & Mary*, 245 F. Supp. 2d 777, 782 (E.D. Va. 2003).  The burden rests with the plaintiff to establish jurisdiction is proper. *Blankenship v. Am. Fed. Gov't Emples.*, No. 3:15-cv-294, 2016, U.S. Dist. LEXIS 42851, at \*2 (E.D. Va. Mar. 30, 2016).  "When considering a motion to dismiss pursuant to Rule 12(b)(1), the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Minns v. Portsmouth Juvenille & Domestic Rels. Coutrt, et al.*, No. 2:07-cv-233, U.S. Dist. LEXIS 23847, at \*6 (E.D. Va. Mar. 26, 2008) (quotations omitted).

### ii.  Rule 12(b)(6).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move to dismiss a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  A Rule 12(b)(6) motion tests the legal sufficiency of a complaint.  *Allen*, 245 F. Supp. 2d at 783.  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009) (quotations omitted).  A plaintiff is required to state facts sufficient to "raise a right to relief above the speculative level," alleging a claim that is "plausible on its face" rather than merely "conceivable."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2001).

When ruling on a Rule 12(b)(6) motion, a court accepts as true all well-pleaded factual allegations.  *Id*.  But this principle does not apply to unsupported legal conclusions.  *Id*.  A court should identify and disregard pleadings that, "because they are no more than conclusions, are not

entitled to the assumption of truth." *Id.* at 679; *see also Sutton-Reed v. Va.*, No. 3:15-cv-764, 2016 U.S. Dist. LEXIS 43407, at \*6-7 (E.D. Va. Mar. 30, 2016) ("The Court, however, need not accept the legal conclusions drawn from the facts, nor must the Court accept as true unwarranted inferences, unreasonable conclusions or arguments.") (internal quotations omitted).   While a court liberally construes a *pro se* litigant's pleadings to avoid inequity; a court is not the *pro se* litigant's advocate. *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

### B.  This Court lacks subject matter jurisdiction.

#### i.  The *Rooker-Feldman* doctrine bars Plaintiff's claims.

The *Rooker-Feldman* doctrine bars district courts from reviewing state court decisions. *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-416 (1923); *Allan v. Fannie Mae*, No. 3:16-cv-215, 2016 U.S. Dist. LEXIS 147562, at \*15 (E.D. Va. Oct. 24, 2016).   "[R]ather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." *Plyler v. Moore*, 129 F.3d 728, 731 (4th Cir. 1997).   If a party is injured by a state court decision, the appropriate action is to appeal the decision causing injury. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005).   Four conditions must be met for the *Rooker-Feldman* doctrine to apply: (1) a federal court plaintiff lost in state court; (2) that plaintiff complains of "injuries" from the judgment; (3) the state court judgment became final before the federal suit began; and (4) "the federal plaintiff invit[es] district court review and rejection" of the state court judgment. *Willner v. Frey*, 243 F. App'x. 744, 745-46 (4th Cir. 2007) (unpublished) (citing *Exxon Mobil Corp.*, 544 U.S. at 284).

Here, all four conditions are met.  Plaintiff alleges she was denied due process and equal protection under the law during her state court proceedings and, thus, brings claims against Judge

Sharrett pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988.  In support of these claims, *inter alia*, she alleges "[i]n four-years Judge Sharrett has never ruled in Mika's [Plaintiff's] favor, each appearance resulted in an order to pay attorney's fees to opposing counsel," and "Judge Sharrett habitually ruled against her without just cause or legitimate reason. His orders ae [sic] inconsistent with that of a reasonable person." (Compl. ¶¶ 41, 44.)  She claims that "[o]n March 24, 2016 – The Defendant; Honorable William Sharrett suspended visitation rights to Mika's [Plaintiff] child – without opportunity to be heard or to defend the allegations against her." (*Id*. at ¶ 66.)  Through these statements, Plaintiff's motivation and objective for filing the present lawsuit are clear; Plaintiff disagrees with and contends she was injured by Judge Sharrett's rulings during her state court child custody proceedings.

Plaintiff is indisputably a state court loser (that is, she would have preferred Judge Sharrett upheld the lower court's decision to award her custody, and would have also preferred that Judge Sharrett granted her motion to amend the child custody order).  She complains that these state court child custody judgments caused (or are causing) her injuries.  The judgments Plaintiff complains of were final before the present action as filed.   And she invites this court to review and reject Judge Sharrett's rulings.  The *Rooker-Feldman* doctrine bars this type of invitation.

Moreover, Plaintiff cannot escape the *Rooker-Feldman* doctrine by refashioning her attack on the state court child custody proceedings as civil rights claims.  *Jordahl v. Democratic Party*, 122 F.3d 192, 202-203 (4th Cir. 1997) ("cases make it clear that a litigant cannot circumvent *Rooker-Feldman* by recasting his or her lawsuit as a § 1983 action") (citations and quotations omitted).  Indeed, the *Rooker-Feldman* doctrine specifically precludes a state court loser from raising constitutional claims that are inextricably intertwined with the merits of a state

court ruling.  *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 25 (U.S. 1987) (Marshall, J., concurring in the judgment) ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.").  As her own challenges here show, Plaintiff's constitutional claims are "inextricably intertwined" with the merits of the state court rulings against her.  In fact, Plaintiff complains that the rulings themselves violated her constitutional rights.  (*See, e.g.*, Compl. ¶ 66.)

Plaintiff disagreed with Judge Sharrett's decision to grant her ex-husband custody of their child; she further disagreed with Judge Sharrett's decision to suspend her visitation rights; and finally she disagreed with Judge Sharrett's decision to sentence her to 30-days in jail for violating a custody order.  The appropriate avenue for Plaintiff to seek relief is through the state court appeals process and not by asking this federal Court to perform a collateral review of these decisions.

The *Rooker-Feldman* doctrine divests this Court of subject matter jurisdiction because entertaining Plaintiff's federal claims would be the equivalent of an appellate review of state court decisions. *Jordahl*, 122 F.3d at 202.  Therefore, the Court should dismiss Plaintiff's Complaint for lack of subject matter jurisdiction.

### ii.   State courts have exclusive jurisdiction over domestic relations matters.

The allegations in Plaintiff's Complaint are founded on her disagreement with the state court decisions regarding her custody and visitation rights with her child.  Yet, federal courts do not have jurisdiction to issue child custody decrees. *See Minns*, 2008 U.S. Dist. LEXIS 23847, at *8 (citing *Ankenbrandt v. Richards*, 504 U.S. 689, 693-95 (1992)).  The Fourth Circuit "has consistently acknowledged and upheld this lack of federal court jurisdiction in the area of

domestic relations." *Doe v. Doe*, 660 F.2d 101, 105 (4th Cir. 1981) ("federal courts must be alert

to keep genuinely domestic matters such as 'child custody,' out of the federal courts") (internal

citations omitted); *see also Carpenter v. W.Va. Dep't of Health & Human Servs.*, No. 95-1748,

1995 U.S. App. LEXIS 15672, at *1 (4th Cir. June 20, 1995) ("Federal courts are without

jurisdiction to consider collateral challenges to state-court judgments involuntarily terminating

parental rights.").

The Complaint alleges that "Judge Sharrett denied Mika [Plaintiff] the guaranteed

procedural due process protections under the Fourteenth Amendment and denied her the

protected fundamental right to visit her child." (Compl. ¶ 70.)   Plaintiff's contentions that she

should be entitled to custody or visitation of her child are domestic relations matters and must

remain within the jurisdiction of the Virginia state court. *See Minns*, 2008 U.S. Dist. LEXIS

23847, at *10 ("to the extent that the complaint attempts to assert any claims relating to issues of

custody or visitation, such claims shall be dismissed for lack of jurisdiction pursuant to the

domestic relations exception.").   Accordingly, this Court lacks jurisdiction to resolve domestic

relations disputes and, thus, should dismiss Plaintiff's Complaint with prejudice.

### iii. Alternatively, under the *Younger* abstention doctrine, this Court should abstain from hearing claims related to on-going state court proceedings such as the plaintiff's domestic relations matter.

Federal courts may not issue a declaratory judgment or grant an injunction in proceedings

pending in state court. *Younger v. Harris*, 401 U.S. 37, 40-41 (1971).  *Younger* abstention is

appropriate where: (1) there is an ongoing state judicial proceeding, instituted prior to any

substantial progress in the federal proceedings; that (2) implicates important, substantial, or vital

state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal

constitutional claim advanced in the federal lawsuit." *Moore v. City of Asheville*, 396 F.3d 385, 390 (4th Cir. 2005).

Plaintiff filed her Complaint on February 22, 2017.   A hearing in her state court proceedings was set for March 10, 2017.   (Compl. ¶ 31.)   The state court proceedings involve domestic relations matters (namely, Plaintiff's custody and visitation rights with her daughter). Because "family law matters generally fall within the purview of state law," Plaintiff's on-going state court proceedings implicate vital state interests.   *Minns*, 2008 U.S. Dist. LEXIS 23847, at *12 ("[T]he Commonwealth has an important state interest in its own domestic relations proceedings, including the issuance of protective orders and temporary custody and visitation orders.").   Moreover, Plaintiff could raise her constitutional concerns through the appellate process, which alternatively renders them ongoing at least until the appeal deadline runs.   *Id.* at *12-13; Va. Code Ann. § 17.1-405 (Court of Appeals of Virginia has jurisdiction to hear appeals regarding domestic relations matters).   Therefore, because Plaintiff is involved in ongoing state court proceedings regarding the subject matter of Plaintiff's Complaint, this Court should refrain from hearing Plaintiff's claims as the state court appeals process provides Plaintiff with an "adequate opportunity" to raise her claims.

### iv.   Eleventh Amendment immunity extends to state officials like Judge Sharrett.

The Eleventh Amendment provides, "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state or by citizens or subjects of any foreign state."   U.S. Const. amend. XI.   It is well-settled that the Eleventh Amendment precludes lawsuits in federal courts against states and state agencies.   *See Alabama v. Pugh*, 438 U.S. 781, 782 (U.S. 1978); *Edelman v. Jordan,* 415 U.S. 651, 663 (1974) ("[A]n unconsenting State is immune from suits

brought in federal courts by her own citizens as well as by citizens of another State."). This immunity extends to state officials who are sued for damages in their official capacity because such actions merely constitute suits against the state. *Patterson v. Hawse*, No. 1:15-cv-477, 2015 U.S. Dist. LEXIS 87966, at \*4 (E.D. Va. July 6, 2015); *Martin v. Wood*, 772 F.3d 192, 195 (4th Cir. 2014) (holding that sovereign immunity extends to state officers acting in their official capacity).

Plaintiff filed this action for damages against Judge Sharrett in his individual and official capacity. But "the mere incantation of the term 'individual capacity' is not enough to transform an official capacity action into an individual capacity action." *Martin v. Wood*, 772 F.3d 192, 195 (4th Cir. 2014) (citation omitted). The allegations in the Complaint against Judge Sharrett relate to Judge Sharrett's official duties (*e.g.*, court orders and rulings). (*See* Compl. ¶¶ 41, 44, 66, 70, 77, 82.) Thus, Plaintiff's claims against Judge Sharrett are in his official capacity as a state court judge. Judge Sharrett is entitled to Eleventh Amendment immunity as an officer of Virginia, and the Commonwealth of Virginia has not consented to Plaintiff's suit in federal court. Thus, the Eleventh Amendment bars this action against Judge Sharrett in his official capacity.

### C. Judicial immunity bars the claims against Judge Sharrett in both his individual and official capacity, warranting dismissal under Rule 12(b)(6).

Judges are absolutely immune from liability for damages arising out of their judicial actions. *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) (citing *Bradley v. Fisher*, 80 U.S. 335 (1872); *Stump v. Sparkman*, 435 U.S. 349 (1978)). The doctrine of judicial immunity is expansive. *See Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority[.]" *Stump*, 435 U.S. at 356-357. A plaintiff can overcome the doctrine of judicial immunity *only* if she alleges facts that plausibly demonstrate a judge's actions (1) were

10

not taken in his judicial capacity or (2) actions were taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Plaintiff's Complaint fails to state a claim under either of these two exceptions to the judicial immunity doctrine.

First, the allegations set forth in the Complaint do not describe any acts by Judge Sharrett that were non-judicial in nature. Rather, this action arises exclusively from Judge Sharrett's judicial acts (*e.g.*, orders and rulings) in the course of a state court proceeding. The acts were of the type Judges normally perform. *Smith v. Smith*, No. 7:07-cv-00117, 2007 U.S. Dist. LEXIS 76087, at *17 (W.D. Va. Oct. 12, 2007) ("There can be little doubt that conducting hearings and issuing orders are acts which are normally performed by judges. Such acts do not become nonjudicial merely because they were allegedly taken in error."). The first exception is not met.

Second, Judge Sharrett acted, at all times, within his jurisdiction. A judge acts in the "complete absence of all jurisdiction" only "if the matter upon which he acts is clearly outside the subject matter jurisdiction of the court over which he presides." *Id.* (quoting *King v. Love*, 766 F.2d 962, 965 (6th Cir. 1985)); *see Green v. Maraio*, 722 F.2d 1013, 1017 (2d Cir. 1983); *Fields v. Soloff*, 920 F.2d 1114, 1119 (2d Cir. 1990) ("[e]ven if the speech-restrictive order was improper, Justice Soloff is immune from section 1983 damages because she did not act in the 'clear absence of all jurisdiction.'"). Here, Judge Sharrett acted within his jurisdiction as a circuit court judge hearing an appeal from an inferior tribunal. This jurisdiction was granted to Virginia circuit courts by statute. *In re Commonwealth*, 278 Va. 1, 11 (2006) ("Subject matter jurisdiction refers to a court's power to adjudicate a class of cases or controversies, and this power must be granted through a constitution or statute.") (internal citations omitted).

By statute, a Virginia circuit court "shall have appellate jurisdiction in all cases, civil and criminal, in which an appeal may, as provided by law, be taken from the judgment or

proceedings of any inferior tribunal." Va. Code Ann. § 17.1-513. Virginia Code § 16.1-296 states that "[f]rom any final order or judgment of the juvenile [and domestic relations district] court affecting the rights or interests of any person coming within its jurisdiction*, an appeal may be taken to the circuit court* within 10 days from the entry of a final judgment. *Id.* at § 16.1-296(A) (emphasis added). The Prince George Circuit Court has jurisdiction over domestic relations matters appealed from the Juvenile Domestic Relations District Court.

Judge Sharrett, a Virginia circuit court judge, was acting within the circuit court's jurisdiction at all times. He heard and decided matters concerning Plaintiff's custody proceedings, and acted within the court's jurisdiction in interpreting and applying the provisions of the Rules of the Supreme Court of Virginia and the Code of Virginia in determining custody rights and finding Plaintiff in contempt of her custody order.

Moreover, a judge's protection under judicial immunity is not pierced by allegations that the judge conspired with others to do an allegedly unlawful act, so long as that particular act is within his judicial powers.[2] *See Dennis v. Sparks*, 449 U.S. 24, 27-29 (1980) (affirming the dismissal of conspiracy claims against a judge based on judicial immunity). Thus, the conspiracy claim fails as a matter of law. Plaintiff has pled no factual matter to plausibly allege an unlawful conspiracy. *Harris v. City of Va. Beach*, 11 F. App'x 212, 215 (4th Cir. 2001) (unpublished) (*citing Gooden v. Howard Cnty., Md.*, 954 F.2d 960, 969-70 (4th Cir. 1992)). Accordingly, Judge Sharrett is entitled to absolute judicial immunity. *See also Smith*, 2007 U.S. Dist. LEXIS 76087, at *14-15 (holding that judicial immunity barred a *pro se* plaintiff's 42 U.S.C. § 1983 action for monetary and equitable relief against several Virginia judges who had acted in the course of judicial proceedings).

---

[2] Plaintiff uses the word "conspiracy" throughout her Complaint.

**D. The Complaint fails to state any plausible or sufficient claim entitling Plaintiff to relief, warranting dismissal under Rule 12(b)(6).**

Plaintiff's Complaint lists a dozen counts against Judge Sharrett. (Compl. p. 7.) Plaintiff alleges violations of her constitutional rights, civil rights, and also a breach of duty claim as well as an intentional infliction of emotional distress claim. (*Id.*) It is difficult to discern which allegations support each individual count, but regardless, Plaintiff failed to plead sufficient factual allegations to withstand a motion to dismiss and the Court should dismiss all twelve counts with prejudice. Further, Plaintiff seeks injunctive relief under 42 U.S.C. § 1983, yet the statute's plain language prohibits the award of such relief against judges.

**i. The Complaint is devoid of factual allegations that support Plaintiff's constitutional claims.[3]**

The Complaint alleges that Judge Sharrett violated Plaintiff's Fourteenth Amendment rights and that Plaintiff was denied due process when Judge Sharrett suspended her visitation rights to her child on March 24, 2016, and again on October 6, 2016, when Judge Sharrett sentenced her to 30-days in jail. (*See* Compl. ¶¶ 39-40, 45, 66-67, 70, 82.) Plaintiff's constitutional due process claims fail for two reasons. First, Plaintiff failed to demonstrate an action constituting a violation of substantive due process. Second, Plaintiff had notice of all state court proceedings and was afforded an opportunity to be heard.

---

[3] Plaintiff also claims her First Amendment rights were violated; however, it does not appear this claim is asserted against Judge Sharrett. (*See* Compl. ¶¶ 46-51.) Nevertheless, Plaintiff failed to allege a form of protected speech, and therefore, her First Amendment claim should be dismissed. The United States Supreme Court has stated that "[s]peech on public issues occupies the highest rung of the hierarchy of First Amendment values and is entitled to special protection. Not all speech is of equal First Amendment importance, however, and where matters of purely private significance are at issue, First Amendment protections are often less rigorous." *Snyder v. Phelps*, 562 U.S. 443, 452 (2011). Plaintiff's desire to "share her life story with the press without suppression" (Compl. ¶ 47) is not a matter of public concern entitled to special protection.

The Due Process Clause of the Fourteenth Amendment provides that "no State shall…deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The Due Process Clause has two components: (1) procedural due process and (2) substantive due process. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). "The substantive component of the Due Process Clause 'bars certain government actions regardless of the fairness of the procedures used to implement them.'" *Id*. To find a violation of substantive due process, a plaintiff must allege an act that "shocks the conscience." *Id*. With respect to procedural due process, a plaintiff must show that she did not have notice of a proceeding or the opportunity to be heard. *See Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). In other words, to find a due process violation occurred, the conduct must amount to "a brutal and inhumane abuse of official power [that is] literally shocking to the conscience." *Temkin v. Frederick Cnty. Comm'rs*, 945 F.2d 716, 720 (4th Cir. 1991), *cert. denied*, 502 U.S. 1095 (1992) (internal quotations omitted).

Plaintiff does not state a claim under either theory. First, Plaintiff was afforded procedural due process at every stage of the state proceedings. She had notice and an opportunity to be heard at all proceedings. (*See* Compl. ¶¶ 19, 22, 24, 25.) She also has the opportunity to appeal the state court judgments. Second, Plaintiff failed to plead a violation of substantive due process. No act is alleged that is brutal and inhumane or that "shocks the conscience." Although parents have a protected interested in the custody and care of their children, "[s]ubstantive due process does not categorically bar the government from altering parental custody rights." *Weller*, 901 F.2d at 391. Here, Judge Sharrett's ruling suspending Plaintiff's visitation rights certainly does not "shock the conscious." Because Plaintiff failed to

plausibly allege any due process violation, Plaintiff's constitutional claims should be dismissed with prejudice.

> **i.    Because Plaintiff's Complaint lacks any plausible constitutional rights claims, her civil rights claims also fail.**

Plaintiff alleges civil rights violations pursuant to 42 U.S.C. §§ 1983, 1985(3), 1986, and 1988.[4]  Her civil rights claims must fail.   Plaintiff's Complaint does not demonstrate a violation of Plaintiff's constitutional rights by the defendants while acting "under the color of state law." Further, Plaintiff's conspiracy claims lack factual support and are not plausible.  Finally, by the plain language of 42 U.S.C. § 1983, Plaintiff is not entitled to injunctive relief against Judge Sharrett.  (Compl. p. 16.)

"To state a claim under § 1983 one must allege that a defendant (1) acted under color of state law and (2) deprived the plaintiff of a constitutional right, privilege or immunity." *Caldwell v. Green*, 451 F. Supp. 2d 811, 816 (E.D. Va. 2006); *see also Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).  Additionally, to state a claim under 42 U.S.C. § 1985, a plaintiff must allege:

> (1) A conspiracy of two or more persons, (2) who are motivated by a specific class-based, invidious discriminatory animus, to (3) deprive the plaintiff of the equal employment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

*Buschi v. Kirven*, 775 F.2d 1240, 1257 (4th Cir. 1985) (citations omitted).    Section 1986, moreover, creates liability for failure to act to prevent civil rights violations.  *See* 42 U.S.C. § 1986.  As this Court has stated, liability under § 1986 is dependent on liability under § 1985. *El v. U.S. Dep't of Comm.*, No. 2:15-cv-532, 2016 U.S. Dist. LEXIS 184645, at *13-14 (E.D. Va.

---

[4] 42 U.S.C § 1988 does not create an independent cause of action and Plaintiff may not rely on it as a basis of a cause of action. *See Minns v. Portsmouth Juvenile & Domestic Rels. Court*, No. 2:07-cv-3232008 U.S. Dist. LEXIS 23847, at *1 n.1 (E.D. Va. Mar. 25, 2008).

July 19, 2016) ("insufficiency of a claim under § 1985 renders Plaintiff's § 1986 claims insufficient as well.").

To demonstrate a conspiracy under § 1985, "a claimant must show an agreement or a meeting of the minds by defendants to violate the claimant's constitutional rights." *Lewin v. Cooke*, 95 F. Supp. 2d 513, 525 (E.D. Va. 2000) (citations omitted). The Fourth Circuit has "specifically rejected § 1985 claims whenever the purported conspiracy is alleged in a merely conclusory manner in the absence of concrete supporting facts." *Id.* (quoting *Simmons v. Poe*, 47 F.3d 1370, 1377 (4th Cir. 1995)); *Davis v. Hudgins*, 896 F. Supp. 561, 571 (E.D. Va. 1995) ("because plaintiff has only put forth broad allegations that do not indicate any actual violation of plaintiff's civil rights, or the existence of any conspiracy, the court grants defendant's motion to dismiss").

The Complaint alleges Plaintiff's "rights and liberties to have a relationship with her child, free from government infringement" were violated and she was denied her First Amendment right to free speech. (Compl. ¶¶ 42, 47.) Plaintiff also alleges Judge Sharrett denied her of "the fundamental right to visit her child." (*Id.* at 70.) The Complaint alleges that "Defendants knowingly and callously conspired to deny Mika [Plaintiff] of her guaranteed rights and tortuously interfered with her right to visit and have a relationship with her child." (*Id.* ¶ 74.) As discussed above in section II(D)(i), Plaintiff's constitutional claims lack merit, and "in any given § 1983 suit, the plaintiff must still prove a violation of the underlying constitutional right[.]" *Daniels v. Williams*, 474 U.S. 327, 330 (1986).

Plaintiff failed to demonstrate a violation of her constitutional rights, privileges, or immunities, and therefore, her § 1983 claim fails. Moreover, Plaintiff's claims of conspiracy are no more than conclusory allegations insufficient to withstand a motion to dismiss. *Lewin*, 95 F.

16

Supp. 2d at 525 ("Because of the high threshold that a Plaintiff must meet to establish a prima facie case under section 1985, courts often grant motions of dismissal.") (citation omitted). And therefore, her § 1985 and § 1986 claims also fail.

> ii. **Plaintiff failed to demonstrate the elements of state law claims of intentional infliction of emotional distress and breach of duty of care.**

Plaintiff asserts a claim for intentional infliction of emotional distress ("IIED") (Count 6) and "breach of duty" (Count 7). The allegations in her Complaint do not support either claim. Plaintiff's IIED claim is grounded on the fact Judge Sharrett ruled against her throughout the child custody proceedings. (*See* Compl. ¶¶ 41-45.) And it appears Plaintiff's breach of duty claims stem from the alleged actions of Defendants Knott, Johnson, and Jackson (*See id.* at ¶¶ 60-62.)

To state a claim for intentional infliction of emotional distress under Virginia law, a plaintiff must allege that "'1) the wrongdoer's conduct was intentional or reckless; 2) the conduct was outrageous or intolerable; 3) there was a causal connection between the wrongdoer's conduct and the resulting emotional distress; and 4) the resulting emotional distress was severe.'" *Verrett v. GM Auto. Grp.*, No. 3:15-cv-416, 2016 U.S. Dist. LEXIS 115099, at *9 (E.D. Va. Aug. 26, 2016) (citation omitted). Plaintiff plainly fails to meet this standard. Plaintiff alleges that Judge Sharrett issued court rulings that caused emotional distress. This type of conduct does not meet the definition of "outrageous or intolerable" conduct. *See Mueller v. Specialized Loan Servicing, LLC*, No. 3:15-cv-00022, 2016 U.S. Dist. LEXIS 30582, *8 (W.D. Va. Mar. 9, 2016) ("Liability [for IIED] has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.") (citation omitted). The Court should dismiss Plaintiff's IIED claim against Judge Sharrett.

Lastly, "[r]ecovery in tort is available only when there is a breach of a duty 'to take care for the safety of the person or property of another.'" *Sensenbrenner v. Rust, Orling & Neale, Architects, Inc.*, 236 Va. 419, 425 (Va. 1988). The Complaint is unclear as to which specific duty of care was breached by Judge Sharrett. The Complaint is devoid of any factual allegations that Judge Sharrett owed a duty of care to Plaintiff, and moreover it is devoid of any factual allegations suggesting that Judge Sharrett breach a duty of care toward Plaintiff. Plaintiff's breach of duty claim fails.

### III.   Conclusion

While the Complaint puts forth numerous theories of relief against Judge Sharrett, all of Plaintiff's theories are rooted in her belief that Judge Sharrett's decisions in Plaintiff's child custody proceedings were in error. Yet, a federal court cannot review the merits of state court domestic relations rulings, and on all of these matters, Judge Sharrett is entitled to judicial immunity. And, no plausible claim is alleged. In the end, the appropriate avenue for Plaintiff to seek relief is through the state court appeals process. The Court should dismiss Plaintiff's Complaint in its entirety with prejudice.

Respectfully submitted,

**HON. WILLIAM ALLAN SHARRETT**

By:/s/ Margeaux S. Serrano_____
Margeaux S. Serrano
Virginia State Bar No. 87449
Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-4933
Facsimile: (804) 371-2087
Email: mserrano@oag.state.va.us

Mark R. Herring
Attorney General of Virginia

Samuel T. Towell
Deputy Attorney General

Nicholas F. Simopoulos
General Civil and Trial Unit Manager

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of March, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the *pro se* plaintiff (Plaintiff consented to electronic notice; ECF No. 10), as well as all counsel of record.  In addition, a true and accurate copy was mailed, first class and postage prepaid, to the following address:

Shemika N. Skillings
P.O. Box 60189
Oklahoma City, OK 73146

*Pro Se Plaintiff*

By: /s/ Margeaux S. Serrano_____
Margeaux S. Serrano
Virginia State Bar No. 87449
Assistant Attorney General
Office of the Virginia Attorney General
202 North 9th Street
Richmond, Virginia 23219
Telephone: (804) 786-4933
Facsimile: (804) 371-2087
Email: mserrano@oag.state.va.us

*Counsel for William Allan Sharrett*